# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMH Financial Corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>Scott Myers and Heike Myers, individually, on behalf of their marital community, and as trustees of the Myers Family Trust dated September 25, 2004,<br><br>             Defendant.<br>_____/ | Case No. 1:14-mc-0023-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION FOR ORDER OF APPEARANCE**<br><br>(Doc. 2) |

## I. INTRODUCTION

Plaintiff IMH Financial Corporation filed an Application for an Order for Appearance on Examination of Judgment Debtor Heike Myers ("Application") on April 14, 2014. (Doc. 2.) For the reasons set forth below, Plaintiff's Application is DENIED WITHOUT PREJUDICE.

## II. DISCUSSION

On February 25, 2014, the United States District Court for the District of Arizona entered a stipulated final judgment against Heike Myers ("Judgment Debtor") and her husband and co-defendant, Scott Myers, in favor of Plaintiff IMH Financial Corporation ("Plaintiff" or "IMH") in the amount of $271,639,119.70 in case no. 2:13-cv-00274-MHB (the "Arizona Judgment"). On March 24, 2014, IMH registered the Arizona Judgment with this Court.

On or about February 24, 2014, Mr. Myers filed a bankruptcy petition with the United States Bankruptcy Court for the Eastern District of California (Case No. CV-13-00274-PHX-MHB). Mr. Myers' bankruptcy petition lists his address as 238 Corson Avenue, Modesto, California, 95354. As Mr. Myers' wife, Ms. Myers, the Judgment Debtor in this case, is also believed to reside in Modesto or to have a place of business in an area served by this Court. (Doc. 3.)

In Mr. Myers' bankruptcy case, the Chapter 7 Trustee held Mr. Myers' initial 11 U.S.C. § 341(a) Meeting of Creditors on April 3, 2014, at the United States Trustee's Meeting Room, located at 1200 I Street, 1st Floor, Suite 2, Modesto, California. At the April 3, 2014, meeting, the Chapter 7 Trustee requested additional documents from Mr. Myers and continued the 11 U.S.C. § 341(a) meeting to May 1, 2014, at 3:00 p.m. to allow the Chapter 7 Trustee to ask Mr. Myers more questions.

Plaintiff now requests that the Court order the Judgment Debtor's examination for the morning of May 2, 2014, at the offices of Renee Brush Court Reporter located at 1230 13th Street, Suite C, Modesto, California so her examination will take place following Mr. Myers' continued 11 U.S.C. § 341(a) meeting.

**A.    Legal Standard**

Federal Rule of Civil Procedure 69 governs enforcement of judgment proceedings in federal courts. *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996).

Fed. R. Civ. P. 69(a) provides the following:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Judgment debtor proceedings under California law "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." *Imperial Bank v. Pim Elec., Inc.*, 33 Cal. App. 4th 540, 546-47; Cal. Civ. Proc. Code §§ 708.110-708.205. Debtor examinations are intended "to allow the judgment creditor a wide

scope of inquiry concerning property and business affairs of the judgment debtors, *Hooser v. Sup. Ct.*, 84 Cal. App. 4th 997, 1002 (2000), and "to leave no stone unturned in the search for assets which might be used to satisfy the judgment." *Troy v. Sup. Ct.*, 186 Cal. App. 3d 1006, 1014 (1986).

Under California law, "[t]he judgment creditor shall personally serve a copy of the order [for the examination] on the judgment debtor not less than 10 days before the date set for examination. Service shall be made in the manner specified in [Cal. Civ. Proc. Code] Section 415.10." Cal Civ. Proc. Code §708.110(d).

**B.     Plaintiff's Application is Insufficient**

Plaintiff's Application seeks an order requiring the Judgment Debtor to appear at a court reporter's office for examination. However, Plaintiff does not set forth any legal authority authorizing the Court to order a judgment debtor to appear at a location other than at the Courthouse itself, nor does Plaintiff set out who will act as "referee" at such an examination, and how that "referee" will be appointed by the Court.

Specifically, Plaintiff's counsel filed a declaration (Doc. 3) stating that pursuant to California Code of Civil Procedure § 708.110:

(a) Plaintiff requests the examination of judgment debtor Heike Myers;

(b) Plaintiff believes Heike Myers either resides or has a place of business within the area served by the United States District Court for the Eastern District of California, Fresno Division, or within 150 miles of the courthouse;

(c) This Court is not the Court in which the Arizona Judgment was entered; and

(d) Neither Plaintiff's counsel, nor anyone else on behalf of Plaintiff have examined Heike Myers or have conducted a previous judgment debtor examination within the preceding 120 days.

Although § 708.110(a) states, "The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order . . . ," Plaintiff has not identified a referee appointed by the Court. Further, Plaintiff does not explain who will administer the examination,

3

administer an oath to the Judgment Debtor, oversee the examination, or how the Court would enforce the order should the Judgment Debtor fail to appear at a court reporter's office with no appointed referee. *See* Cal Civ. Proc. Code §708.110(a). For those reasons, the Application is DENIED.

### III. CONCLUSION

In light of the fact that Plaintiff seeks an order requiring the Judgment Debtor to appear at a non-Court location, has not identified a referee appointed by the Court, or described the procedural and administrative details necessitated by such a debtor examination, Plaintiff's Application for Order of Appearance is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: **April 17, 2014**          **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28